UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff/Respondent, | ) |
| v. | ) No. 2:18-CR-12-DLB-HAI-1 |
| COURTNEY WEBSTER, | ) RECOMMENDED DISPOSITION |
| Defendant/Movant. | ) |

*** *** *** ***

In May 2019, *pro se* Petitioner Courtney Webster moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 claiming that he received ineffective assistance of counsel ("IAC"). D.E. 93. On December 13, 2019, Webster, represented by counsel, moved in open court to withdraw the § 2255 motion. The undersigned therefore recommends that the motion be denied as withdrawn.

**I. Background and Motion**

District Judge Bunning entered a judgment against Webster on December 20, 2018, following Webster's guilty plea to conspiring to distribute one kilogram or more of heroin. D.E. 83. The plea agreement contains the following waiver provision:

> The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence. In return, the United States will not recommend a sentence above 240 months imprisonment.

D.E. 52 at 7 ¶ 8. By Judgment entered December 20, 2018, Webster was sentenced to 240 months of imprisonment to be followed by ten years of supervised release. D.E. 83 at 2–3. Webster did

not appeal, and his present motion was timely filed (under the mailbox rule) on May 7, 2019. D.E. 93 at 12.

Webster's § 2255 motion alleges three grounds of IAC. D.E. 93 at 4-6. First, he claims his counsel was ineffective for failing to attack the validity of his faulty indictment. *Id*. at 4. Next, Webster contends his counsel rendered ineffective assistance by failing to file a notice of appeal on his behalf although Webster had asked his counsel to do so. *Id.* at 5. Third, Webster argues that his counsel was ineffective because counsel assured him and his wife that, in exchange for pleading guilty, Webster would receive a sentence of only five to ten years. *Id.* at 6. Webster requested an evidentiary hearing. *See* D.E. 93-1 at 10.[1]

After the undersigned conducted a preliminary review of Webster's motion, the government responded in opposition and filed an affidavit by Webster's trial attorney, Christopher Jackson. D.E. 103. Webster replied. D.E. 105. A transcript of his rearraignment was created and filed in the record. D.E. 100.

## II. Prior Order and Evidentiary Hearing

On September 17, 2019, the undersigned entered an Order that set the stage for future proceedings. D.E. 106. Regarding Webster's first IAC claim (related to the alleged defective indictment), the Order stated that, based on a review of the record and briefs, the Court intended to recommend that Ground One be dismissed without a hearing. *Id*. at 4-5. The Court provided

---

[1] In his brief, Webster also made reference to his "factual and legal innocence." D.E. 93-1 at 2. Of course, the motion being withdrawn, any actual-innocence argument at this juncture is moot. But, as previously noted (D.E. 106 at 3 n.1), the Court does not interpret this statement as raising an additional (non-IAC) ground for relief because Webster alleges no facts to support or develop this claim. Additionally, Webster waived his right to raise non-IAC claims on collateral attack in paragraph 8 of his plea agreement. D.E. 52 at 7.
   If done knowingly and voluntarily, a criminal defendant may, by the terms of the plea agreement, waive his right to file a direct appeal and his right to collaterally attack his conviction and sentence under § 2255. *Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001). A prisoner may challenge the validity of such a waiver on the basis that "his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). Webster provides no factual grounds for finding his plea was involuntary aside from his now-withdrawn claim that he was induced to plead guilty through a false promise of a five-to-ten-year sentence.

its reasoning for this anticipated recommendation. *Id*. Regarding his second IAC claim (that counsel failed to file an appeal), the Court noted that both sides agreed an evidentiary hearing would be necessary. *Id*. at 2. The Court announced that a hearing would be held, and it was ultimately set for December 13, 2019. D.E. 112. Regarding Webster's third IAC claim (related to an alleged promise by his attorney of a lighter sentence), the Court announced it would receive evidence on this claim "purely in the interest of efficiency." D.E. 106 at 8. The Court noted, however, that Ground Three was "not supported by the record" and "could properly be denied without an evidentiary hearing." *Id*. The Court appointed Greta Price to represent Webster at the hearing. D.E. 109. Webster filed a *pro se* objection to the September 17 Order. D.E. 107. But Judge Bunning denied the objection as premature. D.E. 110.

Webster appeared with counsel at the December 13, 2019 hearing. Webster decided not to take the stand and orally moved to withdraw his § 2255 motion in full. Before granting the motion, the undersigned advised Webster generally of the limitations on filing a "second or successive" § 2255 motion. The Court also informed him he would be unable to claim IAC as a constitutional matter with respect to any advice given to him by Ms. Price. Webster confirmed he understood that withdrawing the motion would mean his conviction and sentence will remain in place at this time.

### III. Conclusion

Because Webster moved to withdraw his § 2255 motion, the undersigned **RECOMMENDS** that it be **DENIED** as withdrawn. In light of this posture, the undersigned further **RECOMMENDS** that no Certificate of Appealability issue. *See* 28 U.S.C. § 2253(c)(2).

Any objection to, or argument against, denial of the motion must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C.

§ 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, **by the District Judge**. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 13th day of December, 2019.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge